**Marc D. McKENNA, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 28, 2009.

Decided Sept. 29, 2009.

Marc D. McKenna, petitioner, pro se.

Maribeth Wilt–Seibert, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge McGINLEY.

Mark D. McKenna (Claimant) petitions for review from the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial

of Emergency Unemployment Compensation (EUC) benefits under the Emergency Unemployment Act of 2008(Act) [1] and Section 403–A(i) of the Unemployment Compensation Law (Law). [2]

The facts, as initially found by the referee and confirmed by the Board, are as follows:

1. The claimant filed an application for unemployment compensation (UC) benefits effective April 6, 2008, thereby establishing a base year period from January 1, 2007 through December 31, 2007.

2. On December 1, 2008, the Bureau of UC Benefits and Allowances issued a Notice of Financial Determination finding the claimant financially eligible for EUC (Emergency Unemployment Compensation) benefits.

3. On December 3, 2008, the Bureau of UC Benefits and Allowances issued a revised Notice of Financial Determination finding the claimant financially ineligible for EUC benefits.

4. The claimant had the following total reported wages during his above base year period:

1st Quarter 2007

2nd Quarter 2007–

3rd Quarter 2007–$4,475

4th Quarter 2007–$17,266

4. [3] There is insufficient evidence in the record that claimant worked and/or had any other wages in employment during the above base year period.

5. The claimant has high quarter base year wages of $17,266 in the 4th Quarter of 2007, and total base year wages of $21,741.

6. During the claimant's employment, a bonus of $2,500 and earnings of $700 that he earned in the 3rd Quarter of 2007 were not paid to him until the 4th Quarter of 2007.

7. The UC Service Center, when calculating the claimant's financial eligibility, counted the $2,500 and $700 amounts referenced above towards the claimant's 4th Quarter 2007 totals.

Referee's Decision, January 13, 2009, (Decision), Findings of Fact Nos. 1–7.

The referee determined:

According to Section 202(a)(5) of the EUC Act, to be eligible to receive EUC benefits, the total wages in the base year of a regular claim for unemployment compensation must equal or exceed one and one half (1.5) the wages in the highest quarter of the base year. For financial determinations, wages are calculated based upon when they are paid, not when they are earned. During the claimant's employment, a bonus of $2,500 and earnings of $700 that he earned in the 3rd Quarter of 2007 were not paid to him until the 4th Quarter of 2007. The UC Service Center, when calculating the claimant's financial eligibility, properly counted the $2,500 and $700 amounts referenced above towards the claimant's 4th Quarter 2007 totals. Therefore, because the claimant's total wages ($21,741) do not equal or exceed one and one half times the wages of the highest quarter ($25,839), the claimant is financially ineligible for EUC benefits.

Decision at 2.

Claimant contends that he was paid the qualifying amount of wages to be eligible

---

1. Title IV of the Supplemental Appropriation Act of 2008, Public Law 110–252, 122 Stat. 2323, Section 4001, 26 U.S.C. § 3304.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 813.

This Section was added by the Act of February 9, 1971, P.L. 1.

3. This finding is given "Number 4" rather than "Number 5" in error.

for EUC benefits.[4]

EUC benefits are federally funded and created pursuant to an act of Congress, specifically the Act. The program is administered by the states. In Pennsylvania, a claimant seeking EUC benefits in Pennsylvania must meet the following requirements:

Unemployed claimants who are not eligible for regular UC from Pennsylvania, another state, the federal government or Canada may be eligible for EUC.

Eligibility requirements for receipt of regular UC are also applicable to EUC. For example, a claimant must be at least partially unemployed, able and available for suitable work, not disqualified for voluntarily leaving work, and not discharged for willful misconduct.

A claimant must also meet the following:

• Had a regular UC claim with a benefit year that ended on or after May 1, 2007, OR currently have a regular UC claim on which the claimant received the maximum amount of benefits.

• Be legally authorized to work in the United States if the claimant is an alien.

• Have total base year wages that are equal to or greater than 1½ times the amount of wages in the claimant's highest quarter of the base year.

Pennsylvania Department of Labor and Industry Website, www.dli.state.pa.us./landi/cwp/view.asp?a=152Q=250855, Emergency Unemployment Compensation (EUC) Frequently Asked Questions.

Section 4001(d)(2)(A) of the Act, provides:

(a) that an individual shall not be eligible for emergency unemployment compensation under this title unless, in the base period with respect to which the individual exhausted all rights to regular compensation under the State law, the individual had 20 weeks of full-time insured employment or the equivalent in insured wages, as determined under the provisions of the state law implementing Section 202(a)(5) of the Federal–State Extended Unemployment Compensation Act of 1970.

26 U.S.C. § 3304 Note.

Section 403–A(i) of the Law, 43 P.S. § 813, provides:

Notwithstanding subsection (a)(2) an individual shall not be eligible for extended benefits unless, in the base year with respect to which the individual exhausted all rights to regular benefits under the State law, the individual had wages equal to at least one and one-half times the individual's highest quarterly wage.

Therefore, in order to qualify for EUC benefits, Claimant must have wages at least equal to one and one-half times his highest quarterly wage. The Board found that Claimant's highest quarterly wage was $17,266. Claimant needed total wages of $25,899. His total wages were only $21,741.

Claimant does not contest his total wages but contests the allocation to particular quarters. Claimant argues that $700 in wages were not paid until the fourth quarter but were earned in the third quarter. He makes the same argument regarding a $2,500 bonus which was paid to employees who remained with Bartech Technical Services (Employer) through

---

4. Because Claimant had the burden of proof and was the only party to present evidence, this Court's review is limited to a determination of whether the Board capriciously disregarded competent evidence, there has been a constitutional violation, or an error of law. *Blackwell v. Unemployment Compensation Board of Review*, 555 A.2d 279 (Pa.Cmwlth. 1989).

September 23, 2007. For employees who left on September 23, 2007, bonus payments were issued on September 28, 2007. Claimant remained an employee of Employer through October 7, 2007. His bonus payment was not made until October 12, 2007. If the $3,200 were shifted from the fourth quarter to the third quarter, Claimant's highest quarter would have wages of $14,066. One and one-half times that amount equals $21,099. Claimant's total wages of $21,741 would then exceed this threshold and he would be eligible for EUC benefits.

This Court is unable to agree with Claimant's desired allocation of his wages. The Act provides that eligibility for EUC benefits must be determined by state law which implements Section 202(a)(5) of the Federal–State Extended Unemployment Compensation Act of 1970. That section of the Law is Section 403–A which states a claimant must have wages equal to or greater than one and one-half times the highest quarterly wage. Section 4(x) of the Law, 43 P.S. § 753(x), defines "wages" as "remuneration paid."

In *Pollard v. Unemployment Compensation Board of Review*, 71 Pa.Cmwlth. 257, 454 A.2d 1166 (1983), this Court explained when wages are considered paid. The Board ruled that William J. Pollard (Pollard) was ineligible for benefits because his wages during the base year were at least $439.00 less than the qualifying amount. Pollard reported that he received $889.53 in additional wages which were not received until after the base year but were attributed to work performed in the fourth quarter of the base year. Pollard argued that the $889.53 should be allocated to the fourth quarter when it was earned. This Court did not agree on the basis that wages must be included in the quarter in which the employee received them not when they were earned. *Pollard*, 454 A.2d at 1167.

Here, even though Claimant may have earned the $3,200 in the third quarter, it was not paid to him until the fourth quarter. Consequently, this amount must be allocated to fourth quarter wages. Congress has set forth the framework under which EUC benefits are administered and has given states some authority with respect to eligibility. Our General Assembly established the one and one-half times the highest quarter for total wages and has defined "wages." This Court has determined that wages count when they are paid not when they are earned. The Board did not err.

Accordingly, this Court affirms.

## ORDER

AND NOW, this 29th day of September, 2009, the order of the Unemployment Board of Review in the above-captioned matter is affirmed.