Rex G. BENNETT, Petitioner

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2011.

Decided Dec. 16, 2011.

---

Melissa M. Gormly, Indiana, for petitioner.

Jonathan D. Koltash, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge BROBSON.

Presently before the Court is an appeal from a decision of the Unemployment Compensation Board of Review (Board), which ruled that Claimant Rex G. Bennett (Claimant) failed to take a timely appeal from the Altoona UC Service Center's (UC Center) Notice of Redetermination, Notice of Determination of Overpayment of Benefits, and Notice of Penalty Weeks Determination (collectively, "NOD").[1] In so ruling, the Board affirmed the determination of the Referee, adopting and incorporating the Referee's findings of fact and conclusions of law. We now reverse the Board and remand the matter for further proceedings consistent with this Opinion.

1. The UC Center issued its first set of determinations on May 12, 2010. (Certified Record (C.R.) No. 2.) The only other documents in the Certified Record from the Board relative to the first set of determinations is the second set of determinations, identified above as the NOD, which the UC Center apparently issued to correct something in the first set of determinations. We note that Claimant includes in his reproduced record what appears to be his appeal from the first set of determinations (Reproduced Record (R.R.) at 3a); a June 8, 2010 Order from the Referee, remanding Claimant's first appeal to the UC Center (R.R. at 4a); and the UC Center's letters to Claimant, vacating their first set of determinations (R.R. at 6a–8a). None of those documents, however, appear in the Certified Record from the Board. Accordingly, we will not consider them in this appeal. See Pa. R.A.P. 2152 (regarding contents of reproduced record); Residents Against Matrix v. Lower Makefield Twp., 802 A.2d 712, 715 n. 8 (Pa.Cmwlth. 2002).

The UC Center issued the NOD on June 10, 2010. The NOD included appeal instructions, noting that the last day to appeal the NOD was June 25, 2010. The NOD also provided the following with respect to appeals by electronic mail (e-mail):

If you file your appeal by e-mail, the appeal is filed on the date of receipt recorded by the Department's electronic transmission system, if the e-mail is in a form capable of being processed by the Department's system. If you appeal by e-mail, you are responsible for any delay, disruption, or interruption of electronic signals and the readability of the appeal, and you accept the risk that the appeal may not be properly or timely filed. If you wish to appeal by e-mail, forward your appeal information to the Department at *L&I–UC–Appeals@state. pa.us*. **Warning: information submitted by e-mail is not secure.**

(Emphasis in original.) On August 3, 2010, the Board issued a notice of hearing on Claimant's appeal from the NOD. (C.R. No. 5.) In that notice, the Board informed Claimant that the only issue to be addressed during the hearing was the timeliness of Claimant's appeal from the NOD: "NOTE: Testimony will be taken regarding the TIMELINESS of this appeal ONLY. If this appeal is found to be timely, another hearing will be scheduled to address the merits of the case."

The Referee held the scheduled hearing on August 16, 2010. Neither the Department of Labor & Industry (Department) nor Claimant's employer appeared for the hearing. Claimant, *pro se*, appeared and testified on his own behalf. Before Claimant testified, the Referee identified and admitted into the record ten (10) exhibits from the Board's record. The Referee also admitted as Referee Hearing Exhibit #1 the hearing notice. (C.R. No. 6 (Notes of Testimony) at 2–3.) The Referee then directed Claimant to the NOD, with a mailing date of June 10, 2010, and an appeal deadline of June 25, 2010. She asked Claimant whether he recalled when he received the NOD. Claimant testified that he received the NOD on or about June 14 or 15, 2010. (*Id.* at 3.)

The Referee asked Claimant what he did upon receipt of the NOD. Claimant testified that on June 24, 2010, he appealed by e-mail. At this point, the Referee admitted into the record Exhibit C1, which the Referee identified as follows:

I have before me a document that is printed out, Yahoo Mail Classic. It is appeal [sic] of Re–Determination of Overpayment of Benefits to LI–UC–Appeals at State.PA.US from Rex Bennett. There is a date of Thursday, June 24, 2010.

(*Id.* at 4.) Claimant testified that the e-mail marked as Exhibit C1 was to serve as his appeal from the NOD. (*Id.*)

Claimant testified that when, after three weeks passed, he had not received anything from the Board regarding his appeal, he sent another e-mail, including in the text of the new e-mail the text from the earlier June 24, 2010 e-mail. The new e-mail included an additional notation to the effect that Claimant had not yet received a hearing notice on his appeal and sought additional information regarding the status of his appeal. (*Id.*) At this point, the Referee admitted into the record Exhibit C2, which the Referee identified as follows:

And I have a copy of a document again on Yahoo Mail Classic. It says forward appeal of Re–Determination to LIUC Appeals at State.PA.US from Rex Bennett. And there is a date of July 21, 2010.

(*Id.* at 4.) Claimant offered no further evidence and declined the Referee's invitation to make a closing statement. (*Id.*)

On August 16, 2010, the Referee mailed to Claimant her Decision/Order, dismissing Claimant's appeal of the NOD as untimely. In support of her decision, the Referee issued the following findings of fact:

1. On June 10, 2010, a determination was issued disqualifying the claimant for unemployment compensation benefits.

2. A copy of the determination was mailed to the claimant's last known post office address on the above date.

3. The Notice of Determination was not returned by the postal authorities as being undeliverable.

4. The Notice of Determination informed the claimant that there were fifteen (15) days from the date of that determination in which to file an appeal if the claimant disagreed with the determination. The last day on which a valid appeal could be filed from that determination was June 25, 2010.

5. The claimant did not file an appeal on or before June 25, 2010, but waited until July 21, 2010.

6. The claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

(C.R. No. 7 (emphasis added).) Based on these findings of fact, the Referee determined that Claimant's appeal was untimely under Section 501(e) of the Law,[2] which provides for a fifteen (15) day appeal period from an adverse determination.

The Board affirmed the Referee's determination, noting:

The ... Board, after considering the entire record in this matter, concluded that the determination made by the Referee is proper under the Unemployment Compensation Law. The Board's regulations specifically state that the appellant is responsible for a delay or failure of the transmission of an electronic appeal. The only appeal of record was dated July 21, 2010, which is an untimely appeal. Therefore, the Board adopts and incorporates the Referee's findings and conclusions....

(C.R. No 9.)

■ On appeal to this Court,[3] Claimant, now represented by counsel, contends that the Board erred in concluding that Claimant's appeal from the NOD was untimely. Specifically, Claimant argues that the Board ignored substantial and uncontradicted evidence that, despite its absence in the Board's record, Claimant sent a timely appeal from the NOD by e-mail on June

---

**2.** 43 P.S. § 821(e).

**3.** The Claimant bore the burden of establishing the timeliness of his appeal from the NOD. Because Claimant had the burden of proof on this question and was the only party to present evidence, this Court's review is limited to a determination of whether the Board capriciously disregarded competent evidence, whether there has been a constitutional violation, or whether the Board committed an error of law. *McKenna v. Unemployment Comp. Bd. of Review,* 981 A.2d 415, 417 n. 4 (Pa.Cmwlth.2009). The Court has articulated the standard for capricious disregard as follows:

When determining whether the Board capriciously disregarded the evidence, the Court must decide if the Board deliberately disregarded competent evidence that a person of ordinary intelligence could not conceivably have avoided in reaching a particular result, or stated another way, if the Board willfully or deliberately ignored evidence that any reasonable person would have considered to be important.

*Jackson v. Unemployment Comp. Bd. of Review,* 933 A.2d 155, 156 n. 4 (Pa.Cmwlth. 2007).

24, 2010.[4]  Claimant also argues that the Board's decision denied him of his rights under the United States and Pennsylvania constitutions to due process of law, because it denied him a hearing to challenge the UC Center's determination that Claimant received an overpayment of benefits by fraud.

■ As we recently noted in *Wright v. Unemployment Compensation Board of Review,* —— A.3d ——, 2011 WL 6275956 (Pa.Cmwlth.2011) (en banc), the absence of an appeal document in the Board's record creates, at best, an inference that the Board did not receive the document and, therefore, that it was not filed.[5]  In that situation, a claimant should be given an opportunity to establish, at a hearing before a referee, that he or she filed a timely appeal notwithstanding the absence of the appeal document in the Board's record. In *Wright,* the Board's record included a faxed document dated *after* the appeal deadline had passed.  This fax transmission from the claimant included notations to the effect that the claimant had sent the appeal earlier by fax, within the appeal deadline.  At a hearing before a referee on the issue of timeliness of the claimant's appeal, the claimant offered evidence not only of transmission of a timely appeal by fax, but he also offered evidence that the Board *received* the appeal.  He testified that he sent the document found in the Board's record later, after inquiring about the status of his first-faxed appeal and being informed that the Board did not have a record of receiving it.  The referee accepted the claimant's evidence and found that the claimant filed a timely appeal. The Board, however, reversed the referee. In so doing, the Board, without explanation, ignored the record before the referee and treated the document in the Board's record as the appeal. Because the Board did not receive that document until after the appeal deadline had expired, the Board held that the claimant's appeal was untimely.

We reversed the Board, concluding that the Board had capriciously disregarded the uncontradicted evidence at the hearing before the referee.  That evidence included

---

4. Claimant similarly argues that the Referee's fifth finding of fact—that Claimant "did not file an appeal on or before June 25, 2010, but waited until July 21, 2010"—is not supported by substantial evidence.  As noted above, however, our standard of review in this case does not encompass a review for substantial evidence to support the Board's findings, but rather for a capricious disregard of competent evidence. *Blackwell v. Unemployment Comp. Bd. of Review,* 124 Pa.Cmwlth. 9, 555 A.2d 279 (1989).

5. The Department's regulation, 34 Pa.Code § 101.82, which provides for the "[t]ime for filing appeal from determination of Department," provides the following with respect to appeal submitted by electronic means other than fax transmission:

> *Electronic transmission other than fax transmission.* The date of filing is the receipt date recorded by the Department appeal office or the Board's electronic transmission system, if the electronic record is in a form capable of being processed by that system.  A party filing by electronic transmission shall comply with Department instructions concerning format.  A party filing an appeal by electronic transmission is responsible for using the proper format and for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.

34 Pa.Code § 101.83(b)(4).  With respect to appeals by fax transmission, the regulation expressly provides that an appeal is filed upon receipt by "the Department appeal office, workforce investment office or Board." 34 Pa.Code § 101.82(b)(3)(iii).  Though the regulation does not contain express language to this effect with respect to appeals by e-mail, we interpret the above-quoted language as providing that an appeal by e-mail must, *inter alia,* be received by the filing deadline to be timely.

testimony and documents that showed: (1) that, though not in the Board's record, the claimant transmitted the earlier appeal document to the Board; and (2) that the Board received the document before the appeal deadline. Under the Board's regulations, we noted that an appeal by fax transmission is filed once it is received. *See* 34 Pa.Code § 101.82(b)(3)(iii).

Like *Wright,* we are here faced with a situation where the claimant takes the position that he transmitted a timely appeal by electronic means and followed-up with a second transmission when he did not hear from the Board regarding his first transmission. Like the claimant in *Wright,* here Claimant offered testimony that, if found credible and persuasive, would establish that he sent an appeal of the NOD to the Board by electronic means before the expiration of the appeal deadline. Claimant also notes in his brief that he sent both his first, timely transmission (June 24, 2010) (Exhibit C1), and his second, follow-up transmission (July 21, 2010) (Exhibit C2) to the same email address— *LI–UC–Appeals@state.pa.us,* yet the Board inexplicably has only the follow-up transmission in its record.

Neither the Referee nor the Board addresses Claimant's testimony or supporting documents in their decisions. Instead, like the Board in *Wright,* they both appear to have ignored the hearing record and, instead, based their decisions solely on what was (and was not) in the Board's record *prior to* the hearing. This is particularly troubling here, where the Board's hearing notice expressly provided that purpose of the hearing was to take testimony on the issue of the timeliness of Claimant's appeal. We find that Claimant's testimony, if found credible and persuasive, and exhibits could support a finding that he filed a timely appeal by e-mail on June 24, 2010, notwithstanding the ab-

sence of that earlier e-mail appeal in the Board's record. Accordingly, the Board capriciously disregarded record evidence.

The Board argues that this case is controlled by our decision in *Roman–Hutchinson v. Unemployment Compensation Board of Review,* 972 A.2d 1286 (Pa. Cmwlth.2009). In that case, we affirmed the Board's dismissal of an appeal from a referee's decision as untimely. The claimant in *Roman–Hutchinson* attempted to appeal the referee's decision to the Board by e-mail. The Board conducted a hearing on timeliness. During the hearing, the claimant attempted to prove that she filed a timely appeal by e-mail on June 30, 2008, with evidence that she *sent* the e-mail appeal to the Board on that date. The Board considered the claimant's evidence and made specific findings, which we noted in our opinion:

> Following the hearing, the [Board] found that: (1) Claimant received the referee's decision; (2) Claimant asserted that she appealed the decision via email on June 30, 2008; (3) the UC authorities did not receive the emailed appeal. . . .

*Roman–Hutchinson,* 972 A.2d at 1288. On appeal, Claimant did not refute the Board's factual finding that the Board did not *receive* the earlier e-mail appeal. Instead, she argued that there must have been a breakdown in the administrative process that caused the Board not to receive the e-mail appeal or, in the alternative, that *nunc pro tunc* relief was appropriate. Because Claimant premised both arguments on an alleged error in the e-mail system, we rejected both arguments based on the Department's regulation, 34 Pa.Code § 101.83(b)(4), which places on the claimant the risk that an appeal might not be received due to an error in transmission. *Id.* at 1288–89.

*Roman–Hutchinson* is distinguishable, procedurally and substantively, from this

case. On procedure, the Board in *Roman–Hutchinson* at least considered the claimant's evidence and made factual findings with respect to the claimant's claim that, notwithstanding its absence from the Board's record, the claimant filed an earlier, timely appeal by e-mail. Here, the Board and the Referee made no such findings. On substance, the claimant in *Roman–Hutchinson* on appeal to this Court essentially conceded that the Board did not *receive* the earlier e-mail. Instead, she attempted to argue that the appeal was effective upon *sending* the e-mail and that any administrative breakdown that caused the Board not to receive the e-mail should not be attributed to her. Claimant in this case does not make those arguments. Instead, Claimant here, like the claimant in *Wright*, attempted to establish by evidence at a hearing that the Board did, in fact, receive the earlier filed appeal and received it before the appeal deadline. For these reasons, *Roman–Hutchinson* does not control our disposition of this appeal.

Based on the foregoing, we vacate the Board's decision and remand the matter for the Board to consider the evidence of record put forth by Claimant to show that he filed a timely appeal by e-mail on June 24, 2010, and to make appropriate and necessary factual findings.[6]

President Judge LEADBETTER dissents.

### *ORDER*

AND NOW, this 16th day of December, 2011, the order of the Unemployment Compensation Board of Review is hereby VACATED, and this matter is REMANDED to the Unemployment Compensation Board of Review for further proceedings consistent with the accompanying Opinion.

Jurisdiction relinquished.

---

6. On remand, the Board is also entitled to assess the credibility of Claimant's testimony. As the ultimate finder of fact, the Board has the right to disbelieve Claimant, even though his testimony was uncontradicted. *Treon v.* *Unemployment Comp. Bd. of Review*, 499 Pa. 455, 460, 453 A.2d 960, 962 (1982).