# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adrian Lee Canty,            :
           Petitioner      :
           :
       v.             :    No. 2310 C.D. 2015
           :    No. 2487 C.D. 2015
Unemployment Compensation    :    Submitted: May 27, 2016
Board of Review,            :
           Respondent    :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON           FILED: July 28, 2016

Petitioner Adrian Lee Canty (Claimant), acting *pro se*, petitions for review of two orders of the Unemployment Compensation Board of Review (Board). The Board affirmed as modified an Unemployment Compensation Referee's (Referee) decisions, in which the Referee concluded that Claimant was ineligible for both unemployment compensation benefits under Section 401(c) of the Unemployment Compensation Law (Law)[1] and emergency unemployment compensation (EUC) benefits under Section 4001(b) of the Emergency

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c).

Unemployment Compensation Act of 2008[2] (EUC Act). The Board also affirmed the Referee's imposition of a fault overpayment pursuant to Section 804(a) of the Law[3] in the amount of $3,720, as well as imposing a fraud overpayment pursuant to Section 4005(a) of the EUC Act[4] in the amount of $3,810. We now affirm.

---

[2] Title IV of the Supplemental Appropriations Act of 2008, Pub. L. No. 110-252, 122 Stat. 2323, 26 U.S.C. § 3304 note. EUC benefits are federally funded and were created by Congress pursuant to the EUC Act of 2008. *McKenna v. Unemployment Comp. Bd. of Review*, 981 A.2d 415, 417 (Pa. Cmwlth. 2009). The EUC benefits programs are administered by the states. *Id.* In Pennsylvania, unemployed claimants who are not eligible for regular unemployment compensation benefits from Pennsylvania, another state, the federal government, or Canada may be eligible for EUC benefits. *Id.* Eligibility requirements for receipt of regular unemployment compensation benefits are also applicable to EUC benefits, along with additional requirements imposed by the EUC Act of 2008. *Id.*

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(a). Section 804 of the Law provides that a claimant who, by reason of fault, receives unemployment compensation benefits to which the claimant is not entitled must repay the amount he or she received with interest.

[4] Title IV of the Supplemental Appropriation Act of 2008, Pub. L. No. 110-252, 122 Stat. 2323, 26 U.S.C. § 3304 note. Section 4005 of the EUC Act, relating to fraud overpayments, provides in relevant part:

> (a)   IN GENERAL.—If an individual knowingly has made . . . a false statement or representation of a material fact, . . . and as a result of such false statement or representation or of such nondisclosure such individual has received an amount of emergency unemployment compensation under this title to which such individual was not entitled, such individual—
>
> > (1)   Shall be ineligible for further emergency unemployment compensation under this title in accordance with the provisions of the applicable State unemployment compensation law relating to fraud in connection with a claim for unemployment compensation;
> >
> > . . .
>
> (b)   REPAYMENT.—In the case of individuals who have received amounts of emergency unemployment compensation under this title to which they were not entitled, the State shall require such individuals to repay the amounts of such emergency unemployment compensation to the

**(Footnote continued on next page…)**

The record shows that, on March 31, 2011, unemployment compensation authorities (UC authorities) received a claim for unemployment compensation benefits purportedly filed by Claimant, which UC authorities granted. (Certified Record (C.R.) Item No. 1.) Thereafter, UC authorities continued to receive and pay bi-weekly claims filed in Claimant's name. (*Id.*) During the relevant time period when UC authorities received these claims for benefits, Claimant was employed by the Philadelphia Corp. for the Aging (Employer), where she remained employed until April of 2012. (*Id.*) Claimant was earning wages while employed, yet the claims for benefits indicated that Claimant had no earnings. (*Id.*) In addition, UC authorities also received and paid claims for EUC benefits later in the year 2011. (*Id.*)

From June 15, 2015, to June 25, 2015, the Harrisburg UC Overflow Center (Service Center) issued Claimant a total of six notices of determinations. (C.R., Item No. 4.) Three of those determinations, issued on June 15, 2015: (1) denied Claimant unemployment compensation benefits for the weeks ending June 11, 2011, through September 17, 2011; (2) established a fault overpayment in the amount of $3,720, pursuant to Section 804(a) of the Law; and (3) denied Claimant eligibility for EUC benefits beginning compensable week ending September 24, 2011, through December 31, 2011, pursuant to Section 4001(b) of

---

**(continued…)**

State agency, except that the State agency may waive such repayment if it determines that—

(1)    The payment of such emergency unemployment compensation was without fault on the part of any such individual; and

(2)    Such repayment would be contrary to equity and good conscience.

3

the EUC Act. (*Id.*) Two more determinations, issued on June 16, 2015: (1) established a fraud overpayment in the amount of $3,810, pursuant to Section 4005 of the EUC Act; and (2) assessed a seventeen-week penalty period due to the EUC overpayment with an accompanying penalty of 15% of the EUC overpayment, totaling $571.50. (*Id.*) Lastly, the sixth and final determination, issued June 25, 2015, assessed a seventeen-week penalty period due to the unemployment compensation overpayment received and imposed a penalty of 15% of the unemployment compensation overpayment, totaling $558, pursuant to Sections 801(b) and 801(c) of the Law,[5] respectively. (*Id.*)

On June 22, 2015, and June 25, 2015, Claimant filed two separate appeals—one for the determinations relating to unemployment compensation benefits and the other for the determinations relating to the EUC benefits received. (C.R., Item Nos. 6-7.) A Referee consolidated these appeals and conducted a hearing on July 14, 2015. (C.R., Item No. 8.) Claimant challenged the determinations largely by asserting that she did not recall filing for the benefits at issue. (*Id.*) Following the hearing, the Referee issued two decisions and orders. (C.R., Item No. 11.) In the first decision and order, which related solely to unemployment compensation benefits, the Referee affirmed the Service Center's denial of unemployment compensation benefits and also affirmed the Service Center's determination of a fault overpayment in the amount of $3,720, with an accompanying 15% penalty, totaling $558. (C.R., Item No. 11.) The Referee,

---

[5] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 871(b) and (c).

4

however, modified the determination by removing the seventeen-week penalty period. (*Id.*) In doing so, the Referee issued the following findings of fact:

1. The claimant filed an initial claim for Unemployment Compensation benefits with an effective date of March 13, 2011.

2. The claimant's weekly benefit rate is $254 and her partial benefit credit is $102.

3. During the below listed weeks the claimant was employed by Philadelphia Corp for the Aging.

4. When filing for Unemployment Compensation benefits for compensable weeks ending June 11, 2011 through September 17, 2011 the claimant reported $0 earnings to the UC Service Center.

5. The claimant had actual and potential earnings for compensable weeks ending June 11, 2011 through September 11, 2011 in amount[s] which ranged from $658 per week to $658.03 per week.

6. The claimant was, or should have been, aware that she was required to report her earnings to the UC Service Center when filing for benefits for the weeks at issue in this appeal.

(*Id.*)

In concluding that Claimant was ineligible for unemployment compensation benefits and that a penalty was proper, the Referee reasoned, in part:

By failing to report her earnings to the UC Service Center the claimant failed to file a valid claim for benefits. Accordingly, benefits for compensable weeks ending June 11, 2011 through September 17, 2011 are disallowed in accordance with Section 401(c) of the Law.

Because the claimant is ineligible for benefits for the weeks at issue in this appeal she has an overpayment in the amount of $248 per week for compensable weeks

5

ending June 11, 2011 through September 17, 2011 for a total overpayment in the amount of $3,720. The Referee is in agreement with the UC Service Center that the claimant's overpayment be recouped in accordance with the provisions of Section 804(a) of the Law.

In addition, the claimant shall be assessed a 15% penalty in the amount of $558 in accordance with Section 801(c).

However, no penalty weeks shall be assessed and Section 801(b) of the Law is inapplicable.

(*Id.*)

In the second decision and order, pertaining solely to EUC benefits, the Referee affirmed the Service Center's denial of EUC benefits and also affirmed the Service Center's determination of a fraud overpayment in the amount of $3,810. (C.R., Item No. 11.) The Referee, however, modified the determination by removing the 15% overpayment penalty totaling $571.50 and seventeen-week penalty period. (*Id.*) In doing so, the Referee issued the following findings of fact:

1. On July 17, 2015 a Referee's Decision/Order appeal number 15-09-I-1321 was issued which affirmed the UC Service Center determinations by denying benefits to the claimant under Section 401(c) of the Law and assessing the claimant an overpayment and a 15% penalty in accordance with Sections 804(a) and 801(c) of the Law.

2. As a result, the claimant has not exhausted all of her rights to regular UC benefits.

(*Id.*) The Referee reasoned:

As outlined in the findings of fact of this decision, a Referee's Decision/Order was issued which affirmed UC Service Center determination by denying benefits to the claimant in accordance with Section 401(c) of the Law and assessing the claimant an overpayment and a 15% penalty in accordance with Sections 804(a) and 801(c). Accordingly, the claimant has not exhausted all of her rights to regular UC benefits and is ineligible for

6

EUC benefits for compensable weeks ending September 24, 2011 through December 31, 2011 in accordance with Section 4001(b) of the EUC Act.

Because the claimant is ineligible for EUC benefits for the weeks at issue in this appeal she has an overpayment in the amount of $254 per week for compensable weeks ending September 24, 2011 through December 31, 2011 for a total overpayment in the amount of $3,810.

The Referee is in agreement with the UC Service Center that the claimant's overpayment be recouped in accordance with the fraud provisions of the EUC Act.

However, the Referee will not impose penalty weeks or a 15% penalty. Accordingly, Sections 4005(a)(1) of the EUC Act and Sections 801(b) and 801(c) of the PA UC Law are inapplicable.

(*Id.*)

Claimant appealed to the Board. The Board modified and affirmed, adopting the Referee's findings of fact and conclusions of law and incorporating them into its decision. (C.R., Item No. 13.) As to the Referee's decision regarding unemployment compensation benefits, the Board affirmed the denial of benefits in addition to affirming the fault overpayment in the amount of $3,720. (*Id.*) The Board, however, modified the decision by removing the imposition of the 15% overpayment penalty totaling $558.[6] (*Id.*) As to the Referee's decision

---

[6] The Board found the 15% penalty pursuant to Section 801(c) of the Law to be inapplicable. The Board stated as follows:

"Clearly, an overt misrepresentation made by the claimant that he [sic] was not working when he [sic] earned wages is the basis for a fault overpayment. However, the additional 15% monetary penalty under Section 801(c) of the Law was not in place when these claims were filed. Section 801(c) was added to the Law by [the Act of October 23, 2013, P.L. 637], effective October [23], 2013. As such, the Board finds the additional 15% penalty inappropriate here."

(C.R., Item No. 13.)

regarding EUC benefits, the Board affirmed without modification. (*Id.*) The Board specifically noted that it discredited Claimant's testimony that she could not recall filing for benefits, and that there was an "overt misrepresentation" made by Claimant in regards to her employment status. (*Id.*) Claimant now petitions this Court for review.[7]

On appeal,[8] Claimant argues that the Board's finding that Claimant was the one to file these claims is not supported by substantial evidence.[9] Claimant also argues that the Board erred as a matter of law in concluding that Claimant received an overpayment subject to recoupment.

First, we will address Claimant's argument that substantial evidence does not exist to support the Board's finding that Claimant filed the unemployment compensation claims. Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Id.* A determination as to whether substantial evidence exists to support a

---

[7] This Court granted the Board's request to consolidate the appeals by Order dated January 7, 2016.

[8] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[9] Although Claimant does not specifically challenge any particular findings of fact, this Court will analyze whether any findings that found Claimant to be the individual to file for benefits are supported by substantial evidence.

finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal only so long as the record taken as a whole contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984). "The fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Similarly, even if evidence exists in the record that could support a contrary conclusion, it does not follow that the findings of fact are not supported by substantial evidence. *Johnson v. Unemployment Comp. Bd. of Review*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986).

In regards to the claims for unemployment compensation benefits and EUC benefits, Claimant contends that she has no knowledge of the claims filed on her behalf, and as such, should not bear the consequences of these filings. (Petitioner's Brief at 7.) Claimant supports this position by stating that during the time these filings occurred, she was not living in the state of Pennsylvania, as she had to relocate to New Jersey due to familial issues. (*Id.*) Further, Claimant states that she does not recall giving any family members permission to file any of these claims on her behalf. (*Id.*)

During the hearing, Claimant testified to having no recollection of filing the claims for unemployment compensation benefits and EUC benefits. (C.R., Item No. 10, at 8.) When questioned by the Referee, Claimant continued to state that she has no recollection of filing for benefits, in addition to stating that no

9

one but her would have filed for claims on her behalf.  (*Id.*)  The hearing transcript

provides the following between Claimant and the Referee:

> R:   Okay.  Now, according to the documents from the UC Service Center, when you filed for benefits for these weeks, June 11[th], 2011 through September 17[th], 2011, you reported that you had no earnings.

> C:   To be honest, I don't even remember filing that.  I don't remember from 2011 up until this point.

> R:   Well, do you remember filing for benefits while you were working?

> C:   No, I did [sic] not.

> R:   Okay. Well, who else would have filed [inaudible]?

> C:   I don't know.  I only use to file Worker's [sic] Compensation and my Unemployment – I'm the only person that would file anything for myself.

> R:   Okay.  Then, you filed it.  So, why didn't you report your earnings when you were filing for these benefits?

> C:   I don't even remember reporting them, sir.

> R:   I don't remember is not a good answer.  We know you did.  It's your Claim.  You have a PIN number. You had to have done it, unless you gave somebody your PIN number and they did it for you.

> C:   I don't know if anybody had my PIN number.

> R:   Did you give you PIN number to someone?

> C:   Not that I can recall.

> R:   All right.  Then, you did.  Now, I'll go back to 2011.  You're telling me that you filed for benefits for all these weeks while you were working, and you don't recall now that you did that?

> C:   I absolutely don't remember.  I've been through a lot over these past four or five years, and no, I don't remember.

(*Id.*)

Katherine Stabulas, the unemployment compensation representative responsible for issuing the original notices of determinations, testified:

> R:	When you did this investigation did you find any evidence that it was not Ms. Canty who actually filed for these benefits?
>
> KS:	No, we would not have evidence . . . we would have no way of knowing if it wasn't the Claimant who filed. She gets the money that was put into either her own – either her debit card or direct deposit.
>
> R:	Ok. Well, do you have any evidence that would suggest that in [Claimant's] defense someone would file for these benefits?
>
> KS:	No there was no evidence to that at all.

(*Id.*)

It is well settled that in unemployment compensation cases, the Board is the ultimate fact finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1385 (Pa. 1985). In making credibility determinations, the Board "may accept or reject the testimony of any witness, in whole or in part." *Greif v. Unemployment Comp. Bd. of Review*, 450 A.2d 229, 230 (Pa. Cmwlth. 1982). The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony. *Taylor*, 378 A.2d at 831.

Here, Claimant's argument essentially asks the Court to overturn the fact finder's credibility determination and reweigh the evidence. The Board expressly discredited Claimant's testimony and found "no credible evidence in the record that someone else filed for benefits for [C]laimant," when it adopted and incorporated the Referee's findings and conclusions. (C.R., Item No. 13.) We

11

must, therefore, decline Claimant's invitation to revisit the Board's credibility determinations and reweigh the evidence on appeal. Thus, we conclude that substantial evidence exists to support the Board's finding that Claimant filed for benefits.

Second, we address Claimant's argument that the Board erred in concluding that Claimant received an overpayment subject to recoupment. Claimant's entire argument on this issue is predicated on her version of the facts, *i.e.*, that she did not file for benefits. The Board, however, did not accept Claimant's version. Instead, it found that she filed for and received benefits to which she was not entitled. As such, we conclude that the Board did not err in concluding that Claimant received an overpayment subject to recoupment.

Accordingly, we affirm the orders of the Board.

P. KEVIN BROBSON, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adrian Lee Canty,                  :
            Petitioner        :
                                             :
            v.                 :   No. 2310 C.D. 2015
                                             :   No. 2487 C.D. 2015
Unemployment Compensation          :
Board of Review,                   :
            Respondent       :


## *O R D E R*


AND NOW, this 28th day of July, 2016, the orders of the Unemployment Compensation Board of Review are hereby AFFIRMED.


                                    _____
                                     P. KEVIN BROBSON, Judge