IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Beatrice G. Rosario,               :
                    Petitioner     :
                                   :
          v.                       :
                                   :
Unemployment Compensation          :
Board of Review,                   :     No. 1394 C.D. 2018
                    Respondent     :     Submitted: March 15, 2019

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  May 22, 2019

Beatrice G. Rosario (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) August 16, 2018 order affirming the Referee's decision dismissing Claimant's appeal as untimely. The sole issue before this Court is whether the UCBR properly dismissed Claimant's appeal under Section 501(e) of the UC Law (Law).[1]  After review, we affirm.

On July 20, 2016, the Allentown UC Service Center issued three determinations: (1) denying Claimant UC benefits;[2] (2) establishing a $5,814.00 fault

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[2] Claimant was denied UC benefits under Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1), because Claimant answered in both her UC questionnaire and during her oral interview that she could not work per doctor's orders, as of her last day of work. *See* Certified Record (C.R.) Item 2 (Claimant Questionnaire) at 1; C.R. Item 3 (Claimant's Record of Oral Interview) at 1.  Further, during the oral interview, Claimant was advised: "I have to make you aware that you may be overpaid for benefits you received.  Being able to work and available for work is a requirement to collect [UC]."  C.R. Item 3 (Claimant's Record of Oral Interview) at 1.  Moreover, in her brief to this Court, Claimant stated that she "had a doctor's note that determined she was unable to return to work and prevented her from suitable work beginning weeks ending 12/19/2015."  Claimant Br. at 7.

overpayment; and (3) imposing seventeen penalty weeks and an $872.10 penalty (collectively, Determinations). Claimant received the Determinations, which notified her that August 4, 2016, was the final day to file an appeal from the Determinations to a Referee. In late November 2016, the Commonwealth of Pennsylvania announced it would close the Allentown UC Service Center. On December 2, 2016, the Department of Labor and Industry (Department) mailed Claimant a billing statement for her overpayment. In December 2016, the Allentown UC Service Center closed.

On July 6, 2017, the Department mailed Claimant an amnesty notice for her overpayment.[3] On August 29, 2017, the Department mailed Claimant a second amnesty notice for her overpayment. On October 12, 2017, the Department mailed Claimant a billing statement for her overpayment. On November 2, 2017, the Department mailed Claimant notice that her tax refund would be withheld to repay her outstanding overpayment. On December 3, 2017, the Department mailed Claimant a billing statement for her overpayment. On January 8, 2018, the Department mailed Claimant a billing statement for her overpayment.

On January 30, 2018, Claimant attempted to mail an appeal from the Determinations to the Allentown UC Service Center, but it was returned as undeliverable. Claimant filed her appeal from the Determinations on February 15, 2018 by mail to the Harrisburg UC Service Center. A Referee hearing was held on April 2, 2018. On April 4, 2018, the Referee dismissed the appeal as untimely. Claimant appealed to the UCBR. On August 16, 2018, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[4]

---

[3] "The UC Amnesty Program was established to give eligible claimants and employers an opportunity to make payments on delinquent accounts at a reduced rate, satisfying their liability and preventing any additional penalties or action. The Amnesty Program [ran] from July 1, 2017 until September 30, 2017." https://www.uc.pa.gov/UC Amnesty (last visited May 21, 2019).

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by

Initially,

> [f]ailure to file a timely appeal as required by Section 501(e) of the Law is a jurisdictional defect. The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence. To justify an exception to the appeal deadline, [a c]laimant must demonstrate that h[er] delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to [the c]laimant h[er]self. This is an extremely heavy burden.

*Carney v. Unemployment Comp. Bd. of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) (citations omitted).

Claimant first argues:

> [Claimant] did receive the [D]eterminations, which notified her that August 4, 2016, was the final day to file a valid appeal to a [R]eferee, and filed an appeal before the deadline of August 4, 2016. [Claimant] did not receive any communication from the Department . . . that the appeal was not received before or even after the deadline, but the Department . . . had no problems sending many letters six (6) months after the Allentown office closed. [Claimant] made several calls to confirm receipt of Appeal but was unsuccessful because the Department . . . did not answer or return any of her telephone calls. [Claimant] was kept on the phone for [sic] unusually long time without any answers.

Claimant Br. at 9.

This Court has held that "the absence of an appeal document in the [UCBR's] record creates, at best, an inference that the [UCBR] did not receive the document and, therefore, that it was not filed." *Bennett v. Unemployment Comp. Bd. of Review*, 33 A.3d 133, 137 (Pa. Cmwlth. 2011). Further, "[i]n [UC] proceedings, the [UCBR] is the ultimate fact finder, and it is empowered to resolve all conflicts in

---

substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

the evidence and to determine the credibility of witnesses." *Umedman v. Unemployment Comp. Bd. of Review*, 52 A.3d 558, 562 (Pa. Cmwlth. 2012) (quoting *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 262 n.1 (Pa. Cmwlth. 2008)). "This Court's review of a decision by the [UCBR] does not permit it to reweigh the evidence or substitute its own findings for those made by the [UCBR]." *Chartiers Cmty. Mental Health & Retardation Ctr. v. Unemployment Comp. Bd. of Review,* 134 A.3d 1165, 1173 (Pa. Cmwlth. 2016).

Here, the UCBR discredited Claimant's testimony that she filed a timely appeal. Specifically, the UCBR determined:

> Had [] [C]laimant obtained a certificate of mailing or certified mail receipt, she would have evidence of this timely filing. [] [C]laimant did not and, under these circumstances, her testimony, alone, cannot evidence timely filing and the [UCBR] discredits her assertion that she filed a timely appeal.

UCBR Dec. at 2. This Court discerns no error in the UCBR's ruling.

Claimant next asserts:

> **After receiving billing statements in July 2017 through January 2018**, including a notice that [C]laimant['s] tax refund would be withheld to repay overpayment, and with no[] where else to turn, **on January 30, 2018,** [C]laimant **mailed another appeal letter to the Allentown** [UC] **Center** after no response from the Department . . . for extended period of time. The second appeal letter was returned to Claimant as undeliverable. Claimant called [the] Department . . . several times again, but did not receive any answers or return calls from anyone within the [D]epartment. [Claimant] was kept on the phone for hours without any answers. After months of frustration, no response and no assistance from the Department . . . about where to obtain service for clients of the Allentown UC [Service Center] office, **finally on February 15, 2018,** [C]laimant **filed yet another appeal** to the Harrisburg UC [Service Center].

Claimant Br. at 10 (emphasis added). The UCBR explained:

> [T]he Commonwealth did not announce the closure of the Allentown UC [Service Center] until late November 2016 and it did not close until December 2016. If [] [C]laimant had filed an appeal by August 4, 2016, the closure of the Allentown UC [Service Center] would have had no impact on the recording or retention of her appeal. Because [] [C]laimant had control over the method of appeal she chose and the ability to present documentary evidence of [a] timely appeal, the lack of this competent evidence does not justify a timely [sic] appeal.[5]
>
> Even if [] [C]laimant's receipt of appeal was impacted by the closing of the Allentown UC [Service Center], the Department sent to [] [C]laimant seven other notices pertaining to her overpayment, and she received at least the January 8, 2018, notice and did not properly file an appeal until at least several weeks later, and that gives [] [C]laimant the benefit of the doubt for mailing her appeal to a closed UC [Service Center]. This unexplained delay negates whatever justification [] [C]laimant would have had for her late appeal.

UCBR Dec. at 2-3. Indeed, Claimant admitted she received the Department's July 2017 through January 2018 statements, but did not write a second appeal letter until January 30, 2018 (albeit to the closed UC Service Center). Accordingly, because Claimant did not meet her heavy burden of proving that her delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to Claimant, the UCBR properly dismissed her late appeal.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[5] Section 101.82 of the Department's Regulations provides that a party may file a written appeal by United States mail, common carrier, fax transmission, other electronic transmission (*i.e.*, email) or personal delivery. *See* 34 Pa. Code § 101.82.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Beatrice G. Rosario, :
                Petitioner :
                      :
          v. :
                      :
Unemployment Compensation :
Board of Review, : No. 1394 C.D. 2018
          Respondent :

## O R D E R

AND NOW, this 22nd day of May, 2019, the Unemployment Compensation Board of Review's August 16, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge