IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carelyn Figueroa,                        :
                    Petitioner           :
                                         :
         v.                              :    No. 946 C.D. 2021
                                         :    Submitted: March 11, 2022
Unemployment Compensation                :
Board of Review,                         :
                    Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  May 10, 2022


        Carelyn Figueroa (Claimant) petitions for review of the July 29, 2021 order

of the Unemployment Compensation Board of Review (Board), which affirmed the

Referee's decision dismissing Claimant's appeal as untimely under Section 501(e)

of the Unemployment Compensation Law (Law).[1]  After careful review, we affirm.

## I.    Background and Procedural History

        Claimant applied for unemployment compensation (UC) benefits in March of

2020.  The Altoona UC Service Center issued notices of determination on February

10, 2021, indicating Claimant was ineligible for Federal Pandemic Unemployment

Compensation (FPUC) benefits under the Coronavirus Aid, Relief, and Economic

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
821(e).

Security (CARES) Act,[2] and that she received overpayments of $7,800. Certified Record (C.R.), Item No. 5, Notices of Determination (FPUC), 2/10/21. The notices stated the final day for Claimant to file an appeal was February 25, 2021. *Id.* The Altoona UC Service Center issued additional notices of determination on February 11, 2021, indicating Claimant was ineligible for regular UC benefits, and that she received overpayments of $4,554. C.R., Item No. 7, Notices of Determination (UC), 2/11/21. The notices stated the final day for Claimant to file an appeal was February 26, 2021. *Id.*

Claimant appealed on March 5, 2021. C.R., Item No. 8, Petition for Appeal, 3/5/21. A Referee held a telephone hearing on April 22, 2021. Claimant participated in the hearing *pro se* and was the sole witness to testify. In relevant part, the Referee asked Claimant why she did not file an appeal by the deadlines stated on the notices of determination. C.R., Item No. 11, Notes of Testimony (N.T.), 4/22/21, at 5. Claimant did not dispute that she received the notices and failed to appeal on time. Instead, Claimant testified she "wasn't paying attention to [her] mail" during the relevant period because she was caring for her sister, who was hospitalized from February 11, 2021, to February 17, 2021. *Id.* at 5-6. Furthermore, Claimant even conceded there were "days that [she] came home," and that she did not spend the entire period at the hospital. *Id.* at 6. Claimant further testified that she was diagnosed with COVID-19 on February 20, 2021. *Id.* at 5-6. Claimant did not indicate her symptoms were severe, however, and she confirmed this condition did not lead to her own hospitalization. *Id.* at 5-7. Claimant reported she likely did not discover the notices until the appeal deadlines had already passed, "maybe towards the week of the 25th of February. . . ." *Id.* at 6.

---

[2] *See* 15 U.S.C. § 9023(b)(1).

After the hearing, the Referee issued an order dismissing Claimant's appeal as untimely under Section 501(e) of the Law. C.R., Item No. 12, Referee's Order, 4/26/21. Claimant appealed to the Board, which affirmed the Referee. The Board adopted and incorporated the Referee's findings and conclusion. C.R., Item No. 14, Board's Order, 7/29/21. Claimant retained counsel and now petitions for review of the Board's order, contesting the Board's untimeliness determination.[3]

## II.    Discussion

This Court reviews unemployment compensation orders for violations of the petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. Generally, we also review whether substantial evidence supports the findings of fact necessary to sustain the decision. *Id.* Where the petitioner had the burden of proof and was the only party to present evidence, as was the case here, we review whether the Board capriciously disregarded competent evidence. *Bennett v. Unemployment Comp. Bd. of Rev.*, 33 A.3d 133, 136 n.3 (Pa. Cmwlth. 2011) (citing *McKenna v. Unemployment Comp. Bd. of Rev.*, 981 A.2d 415, 417 n.4 (Pa. Cmwlth. 2009)).

At the time Claimant received the notices of determination, Section 501(e) of the Law directed that a petitioner must file an appeal within 15 days after personal delivery of notice to the petitioner or mailing of notice to the petitioner's last known address.[4] 43 P.S. § 821(e). Significantly, the failure to timely appeal within the 15-

---

[3] Claimant also presents argument challenging the merits of the initial determination that she was not entitled to UC benefits. Claimant's Br. at 15-16. Because Claimant's failure to file a timely appeal to the Referee is dispositive of her appeal, we do not address her secondary issue.

[4] Although not applicable to this matter, we note our General Assembly extended the appeal period in Section 501(e) of the Law from 15 days to 21 days pursuant to the Act of June 30, 2021, **(Footnote continued on next page…)**

day deadline is a jurisdictional defect, which this Court may not simply overlook or disregard. *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) (citing *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000 (Pa. Cmwlth. 2010)). To overcome the failure to timely appeal and obtain *nunc pro tunc* relief, a petitioner must demonstrate the existence of fraud, a breakdown in the administrative process, or non-negligent circumstances. *Id.*

Here, Claimant contends that her untimely appeal resulted from non-negligent circumstances. Whether a petitioner has established non-negligent circumstances is a legal conclusion and reviewable on appeal. *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1231 (Pa. Cmwlth. 2021) (quoting *V.S. v. Dep't of Pub. Welfare*, 131 A.3d 523, 527 (Pa. Cmwlth. 2015)). This exception applies where the purported non-negligent circumstances (1) relate to the petitioner or the petitioner's counsel, (2) the petitioner appealed shortly after the deadline has passed, and (3) the respondent is not prejudiced by the delay. *B.B. v. Dep't of Pub. Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (quoting *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001)).

The substance of Claimant's argument consists of reiterating testimony from her hearing before the Referee. Claimant also attempts to bolster her argument with additional factual allegations first appearing in her *pro se* petition for appeal from the Referee's order.[5] Claimant maintains she could not timely appeal because she was caring for her hospitalized sister and then Claimant contracted COVID-19.

P.L. 173. This change took effect on July 24, 2021, when the Department of Labor and Industry published the necessary notice in the Pennsylvania Bulletin. 51 Pa. B. 4033 (2021).

[5] Because this Court "cannot accept allegations of fact that are not supported by record evidence," we limit our review to Claimant's testimony before the Referee and do not rely on any post-hearing factual averments. *Harris*, 247 A.3d at 1228 (citing *Hollingsworth v. Unemployment Comp. Bd. of Rev.*, 189 A.3d 1109, 1112-13 (Pa. Cmwlth. 2018)).

4

Claimant's Br. at 13-14. She asserts she likely did not discover the notices of determination until the appeal deadlines had already passed. *Id.* at 14. According to Claimant, she faced "extreme" challenges and "did everything in her power to get her appeal sent in as soon as circumstances allowed her." *Id.*

We find instructive this Court's decision in *Best Courier v. Department of Labor and Industry, Office of Unemployment Compensation Tax Services*, 220 A.3d 696 (Pa. Cmwlth. 2019). In that case, the Office of Unemployment Compensation Tax Services mailed a notice of assessment to Best Courier, which then filed an untimely petition for reassessment. *Id.* at 697. Best Courier claimed it did not receive the notice of assessment until after the deadline to file its petition had passed, apparently because it did not regularly staff its rented office space or monitor its mail. *Id.* at 697-702. This Court rejected the idea that Best Courier failed to act because of non-negligent circumstances, observing that we had "consistently found petitioners negligent by not making other arrangements for their mail while they were away." *Id.* at 701-02 (collecting cases). We reasoned we could not find non-negligent circumstances due to our prior decisions, and that Best Courier "assumed the risk that time-sensitive matters would be received" during periods when its office was not staffed. *Id.* at 702.

Further, "[t]he pressure of life events is . . . insufficient to excuse an untimely appeal" in a UC case, and we "consistently reject[] such excuses." *Carney*, 181 A.3d at 1288 (collecting cases). In *Constantini v. Unemployment Compensation Board of Review*, 173 A.3d 838, 845-47 (Pa. Cmwlth. 2017), this Court rejected a claimant's attempt to justify her untimely appeal due to non-negligent circumstances, among other things. These circumstances included ongoing legal issues, a malware virus attack on her computer, "and multiple medical emergency appointments during the

5

time period prior to the appeal deadline due to migraines and blurred vision." *Id.* at 845. We concluded it was the claimant's failure to read the notice of determination closely, and not personal circumstances, that caused the untimely appeal. *Id.* at 845-46.

Claimant testified, similarly, that she "wasn't paying attention to [her] mail" during the appeal period because of her challenging personal circumstances. C.R., Item No. 11, N.T., 4/22/21, at 5. Contrary to Claimant's contention that her sister's hospitalization prevented her from reading the mail, Claimant conceded there were "days that [she] came home," and that she was not at the hospital continuously. *Id.* at 6. Claimant also acknowledged her sister was discharged on February 17, 2021, over a week before the deadlines on February 25, 2021, and February 26, 2021. *Id.*; C.R., Item No. 5, Notices of Determination, 2/10/21; C.R., Item No. 7, Notices of Determination, 2/11/21. Claimant testified she was diagnosed with COVID-19 on February 20, 2020, but she did not indicate her symptoms were severe. C.R., Item No. 11, N.T., 4/22/21, at 5-7. In addition, she confirmed this condition did not lead to her own hospitalization. *Id.* at 6. Although Claimant's purported difficulties in this matter are unfortunate, our case law establishes that her failure to read the mail is not a non-negligent circumstance warranting *nunc pro tunc* relief. *Best Courier*, 220 A.3d at 701-02; *Constantini*, 173 A.3d at 845-47.

### III.     Conclusion

Based on the forgoing, we conclude Claimant failed to meet the requirements of the non-negligent circumstances exception, and we affirm the Board's order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carelyn Figueroa,                           :
                          Petitioner        :
                                            :
             v.                             :   No. 946 C.D. 2021
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                          Respondent        :


# **O R D E R**


**AND NOW**, this 10th day of May 2022, the July 29, 2021 order of
the Unemployment Compensation Board of Review is **AFFIRMED**.


_____
STACY WALLACE, Judge