Samantha **ROMAN–HUTCHINSON,**
**Petitioner**

v.

**UNEMPLOYMENT COMPENSATION**
**BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 3, 2009.
Decided May 11, 2009.

David Brown, Exton, for petitioner.

Carol J. Mowery, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

Edward A. Paskey, York, for intervenor, Dollar Tree Stores, Inc.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Samantha Roman–Hutchinson (Claimant) petitions for review of the September 24, 2008, order of the Unemployment Compensation Board of Review (UCBR), which dismissed as untimely Claimant's appeal from a referee's decision denying Claimant

unemployment compensation (UC) benefits. We affirm.

On April 21, 2008, Claimant was discharged from her employment, and, thereafter, a local job center denied her application for UC benefits. Claimant appealed to a referee, who affirmed the denial of benefits by a decision and order dated June 17, 2008. On the same day, the referee mailed the decision to Claimant at her last known post office address. The mailing included a notice advising Claimant that she had fifteen days, until July 2, 2008, to file a valid appeal.

■■■ Claimant filed an appeal with the UCBR, which held an initial hearing on the timeliness of Claimant's appeal. Following the hearing, the UCBR found that: (1) Claimant received the referee's decision; (2) Claimant asserted that she appealed the decision via email on June 30, 2008; (3) the UC authorities did not receive the emailed appeal; (4) the UC authorities received a faxed appeal on July 17, 2008; (5) Claimant was not misinformed or misled by the UC authorities concerning her right or the need to appeal; and (6) Claimant's late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system or by non-negligent conduct. (UCBR's Findings of Fact, Nos. 7–11.) The UCBR noted that its regulations, as well as the appeal instructions sent to all claimants, state that a party choosing to file by email accepts the risk that the appeal may not be properly filed due to delay or disruption of electronic signals and that an appeal sent by email will be deemed filed on the date of receipt recorded by the Department of Labor and Industry's (Department) electronic transmission system. (UCBR's op. at 2.) Based on its findings, the UCBR concluded that Claimant's appeal was untimely. Therefore, the UCBR dismissed Claimant's appeal based on a lack of jurisdiction.[1]

■■■ On appeal to this court,[2] Claimant argues that the UCBR erred in dismissing her appeal as untimely because there was a breakdown in the administrative process; specifically, Claimant asserts that something in the email system went awry and led to the UC authority's failure to receive her timely-sent email appeal. Moreover, relying on the "mailbox rule,"[3] Claimant contends that she overcame the

1. If an appeal is not filed within fifteen days of the determination's mailing date, the UCBR and its referees do not have jurisdiction to rule on the merits of the case. *Renda v. Unemployment Compensation Board of Review*, 837 A.2d 685 (Pa.Cmwlth.2003), *appeal denied*, 581 Pa. 685, 863 A.2d 1151 (2004). The statutory time limit for filing an appeal is mandatory in the absence of fraud or manifestly wrong or negligent conduct of the administrative authorities, and the claimant bears a heavy burden to justify an untimely appeal. *Blast Intermediate Unit # 17 v. Unemployment Compensation Board of Review*, 165 Pa.Cmwlth. 513, 645 A.2d 447 (1994). A *nunc pro tunc* appeal may be allowed where extraordinary circumstances involving fraud, some breakdown in the administrative process or non-negligent circumstances caused the delay. *Cook v. Unemployment Compensation Board of Review*, 543 Pa. 381, 671 A.2d 1130 (1996).

2. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

3. The common law "mailbox rule" provides that the depositing in the post office of a properly addressed letter with prepaid postage raises a natural presumption that the letter reached its destination by due course of mail. *In re Rural Route Neighbors*, 960 A.2d 856 (Pa.Cmwlth.2008). Thus, under the "mailbox rule," evidence that a letter has been mailed ordinarily will be sufficient to permit a fact finder to find that the letter was, in fact, received by the party to whom it was addressed. *Id.*

contention that the UC authorities did not receive her appeal by submitting a copy of the June 30, 2008, email, with proof that it was sent to the correct email address. We disagree.

Although the "mailbox rule" applies to mailings via the post office, the Department's regulation at 34 Pa.Code § 101.82(b)(4) controls emailed appeals. That regulation provides as follows:

> Electronic transmission other than fax transmission. *The date of filing is the receipt date recorded by the Department appeal office or the [UCBR's] electronic transmission system,* if the electronic record is in a form capable of being processed by that system. A party filing by electronic transmission shall comply with Department instructions concerning format. *A party filing an appeal by electronic transmission is responsible for* using the proper format and for *delay, disruption, interruption of electronic signals* and readability of the document *and accepts the risk that the appeal may not be properly or timely filed.*

34 Pa.Code § 101.82(b)(4). (Emphasis added.) Thus, even if Claimant emailed her appeal *before* the appeal deadline, it was untimely because it was not *received* by the UC authorities until *after* the deadline. *McClean v. Unemployment Compensation Board of Review,* 908 A.2d 956 (Pa. Cmwlth.2006). Consequently, Claimant's argument fails. Further, the regulation clearly contemplates malfunction in the email delivery system and places the resulting risk of an untimely filing on the Claimant.

 Claimant next asserts that she is entitled to *nunc pro tunc* relief based on our decisions in *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) and *Perry v. Unemployment Compensation Board of Review,* 74 Pa.Cmwlth. 388, 459 A.2d 1342 (1983), wherein we held that *nunc pro tunc* relief is appropriate where the untimeliness of an appeal is due to non-negligent conduct.[4] However, because the regulation expressly provides that Claimant assumed the risk of an untimely filing when she chose to file her appeal by email, the rationale in *Bass* and *Perry* is inapplicable here.

Accordingly, we affirm.

### ORDER

AND NOW, this 11th day of May, 2009, the order of the Unemployment Compensation Board of Review, dated September 24, 2008, is hereby affirmed.

---

**4.** In *Bass,* the appellant's appeal was ready for filing a week before the appeal period expired but was filed untimely due to the unforeseen illness of a secretary in appellant's counsel's office. In *Perry,* the claimant's petition for review was untimely filed because, while on the way to the post office to mail the petition, the law clerk's car experienced mechanical difficulties and he was unable to reach any post office before closing time.