IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Catherine Johnson,                        :
                        Petitioner    :
                                     :
        v.                                :
                                       :
Unemployment Compensation                 :
Board of Review,                          :    No. 1220 C.D. 2017
                Respondent        :    Submitted: February 23, 2018

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                   FILED: April 6, 2018

Catherine Johnson (Claimant) petitions for review of the August 14, 2017 order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee, which dismissed Claimant's appeal as untimely. We affirm.

Claimant had been receiving unemployment compensation (UC) benefits since approximately early April 2017. *See* Certified Record (C.R.) Item No. 1. On May 23, 2017, the Erie UC Service Center (Department) issued two Notices of Determination. The first determination found Claimant was not ineligible for benefits under Section 402(b) of the UC Law[1] (Law), but was ineligible for benefits

---

[1] Section 402(b) of the Unemployment Compensation Law (Law) provides that a claimant shall be ineligible for benefits for any week in which her unemployment is due to voluntarily

under Section 401(d)(1) of the Law[2] because Claimant was not able and available for work.  Board's Findings of Fact (F.F.) No. 1, C.R. Item No. 5.  Accordingly, the Department determined that Claimant was ineligible for benefits.  C.R. Item No. 5.  The second determination imposed a fault overpayment in the amount of $2,155.00 pursuant to Section 804(a) of the Law,[3] because Claimant was determined to be ineligible for benefits due to not being able and available for work and was receiving benefits for which she was not eligible.  *Id*.; *see* F.F. No. 1.  Both Notices of Determination stated that the final day to timely appeal the determinations was June 7, 2017.  F.F. No. 6, C.R. Item No. 5.

On June 8, 2017, Claimant filed her appeal.  F.F. No. 8; *see* C.R. Item No. 6.  Subsequently, a referee held a hearing at which Claimant, her daughter, a witness for Delaware Valley Comfort at Home LLC (Employer), and Employer's tax representative appeared and testified.  *See* C.R. Item No. 9.  After the hearing, the referee issued a decision dismissing Claimant's appeal as untimely.  C.R. Item No. 10.  Claimant appealed to the Board, which affirmed.  C.R. Item No. 12, Board's Decision at 3.  Claimant now petitions this Court for review of the Board's order.[4]

---

leaving work without cause of a necessitous and compelling nature.  Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

[2] Section 401(d)(1) of the Law provides that a claimant must be able and available for suitable work in order to qualify for unemployment compensation benefits.  Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1).

[3] Section 804(a) of the Law provides that any person who by reason of her fault has received unemployment compensation to which she was not entitled shall be liable to repay the Unemployment Compensation Fund.  Section 804(a) of the Law, 43 P.S. § 874(a).

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence.  2 Pa. C.S. § 704.

Before this Court, Claimant first argues that the Board's findings are unsupported by the record, and thus, its decision is wrong. Claimant contends that she offered evidence to establish an administrative breakdown entitling her to file her appeal late. In particular, Claimant refers to a telephone conversation with an UC representative in which Claimant asserts she was led to believe the issue regarding her availability for work was resolved. Claimant points out that the Board found that during the call, Claimant told the Department that she made an error in filing and was able and available for work. She further states the Board erroneously found that this conversation took place on May 25, 2017, when it actually took place on May 23, 2017, and that such misstatement indicates the Board's lack of consideration of the reasonableness of Claimant's conduct.

Claimant also argues that she is entitled to file her appeal late because her untimely appeal was due to non-negligent circumstances. Specifically, Claimant states that she was not living full-time at her residence because she broke her wrist and needed to stay elsewhere with family for assistance. Claimant states she periodically returned to her home to check mail. Once Claimant was aware of the determinations, she immediately filed an appeal.

Section 501(e) of the Law provides, among other things, that unless a claimant files an appeal from a determination within 15 calendar days after such notice was mailed to her last known post office address, such determination shall be final. 43 P.S. § 821(e). The provisions of the Law regarding the time to file an appeal are mandatory. *United States Postal Service v. Unemployment Comp. Bd. of Review*, 620 A.2d 572 (Pa. Cmwlth. 1993). The referee and the Board lack jurisdiction to consider an untimely appeal. *See Edwards v. Unemployment Comp. Bd. of Review*, 639 A.2d 1279, 1282 (Pa. Cmwlth. 1994). Therefore, the "failure to

3

file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *United States Postal Service*, 620 A.2d at 573. However, an untimely appeal may be allowed upon a showing of fraud or breakdown in the administrative process, or where the untimeliness is not the result of the petitioner's negligence. *Id*. at 573-74. A breakdown in the administrative process occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (citing *Union Electric Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000)). "[T]he claimant bears a heavy burden to justify an untimely appeal." *Roman-Hutchinson v. Unemployment Comp. Bd. of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

With respect to Claimant's argument that there was an administrative breakdown in regard to her telephone conversation with a UC representative, Claimant's argument is without merit. Claimant insists that her telephone conversation with the UC representative took place on May 23, 2017, which Claimant maintains was two days before the Department issued the Notices of Determination, as she contends they were issued on May 25, 2017. However, Claimant is mistaken about the facts. Additionally, the evidence, including Claimant's own evidence, does not support her assertions. The Department's Notices of Determination were issued on May 23, 2017, not May 25, 2017. *See* F.F. No. 1, C.R. Item No. 5. The Department's claim record shows that Claimant spoke with the Department on "170525" or May 25, 2017. C.R. Item No. 1. Additionally, Claimant's petition for appeal from the Department's determinations states the date of the determinations being appealed is "5/23/2017" and further states, "[m]y appeal

4

is 1-day late because on 5/25/2017, I called a PA Unemployment rep at 2:45 pm and by our conversation I believed I had completed an appeal." C.R. Item No. 6, Ex. 6. At the hearing, the referee asked Claimant when she spoke to a Department representative, and Claimant responded the 25th of May.[5] C.R. Item No. 9, 7/3/17 Transcript of Testimony (T.T.) at 10. Thus, the Board's finding that Claimant did not contact the Department until May 25, 2017, which was two days **after** the Notices of Determination were mailed, is supported by substantial evidence.[6]

Notwithstanding when the call occurred, Claimant argues that following the conversation, she believed the issue regarding her availability for work had been resolved. However, the Board found that, during the May 25, 2017 call, the Department told Claimant to file her bi-weekly claims and that a determination was forthcoming. F.F. No. 2. This finding is supported by the entry in the Department's claim record. *See* C.R. Item No. 1. Further, the Board found that there was no evidence that Claimant was misinformed or misled by UC authorities regarding her right or necessity to appeal. F.F. No. 9. Indeed, as the Board noted, the Notices of Determination did not indicate that an appeal could be filed over the phone. Board's 8/14/17 Decision at 2; *see* C.R. Item No. 5. Thus, the Board did not find Claimant's belief that she resolved the availability issue during her conversation to be reasonable. *Id*. Further, the Board found that there was no credible evidence in the record that Claimant was told that she did not need to file an appeal. *Id*. Based on the Board's findings, there is nothing to support a determination that the

---

[5] Claimant initially stated the 27th but then stated the 25th of May. C.R. Item No. 9, 7/3/17 Transcript of Testimony (T.T.) at 10.

[6] It is well-settled that the Board is the ultimate arbiter of credibility in UC cases. *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Review*, 173 A.3d 1224, 1227 (Pa. Cmwlth. 2017). We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings. *Id*. at 1228.

Department was negligent, acted improperly or unintentionally misled Claimant such that we could conclude that there was a breakdown in the administrative process. Claimant's subjective belief that her claim was resolved does not constitute a breakdown in the administrative process justifying a late appeal. *See Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 845-46 (Pa. Cmwlth. 2017) (holding that a claimant's misunderstanding of a Department representative's statement concerning when claimant had to file an appeal, along with her failure to read the notice given her misunderstanding, did not constitute an administrative breakdown that would warrant the filing of a late appeal).[7]

Next, we address Claimant's argument that she should be permitted to file a late appeal because her conduct was non-negligent given that she could not stay at her home and had to reside with her family for medical reasons. This argument also lacks merit.

The Board found that, during the May 25, 2017 call, the Department told Claimant to file her bi-weekly claims and *that a determination was forthcoming*. F.F. No. 2. Further, the Board found, and Claimant does not dispute, that the determinations were mailed to her last known post office address. F.F. No. 3. As the Board stated, it was Claimant's responsibility to collect her mail in a timely manner, even if she was living elsewhere. Claimant's failure to collect her mail,

---

[7] Claimant also argues that there was an administrative breakdown because she received questionnaires, which sought clarification on her availability for work and which listed two different due dates, May 19, 2017 and May 22, 2017, for a response. Claimant apparently is referring to the Advance Notices and Claimant Cover Letter and Questionnaire, which she attached to her brief as exhibits. To the extent Claimant included documents that are not part of the certified record before this Court, we may not consider them. More importantly, however, these documents and their due dates are irrelevant to the issue before us. The issue before us is whether Claimant established grounds to file an untimely appeal from the Notices of Determination.

even though she was told a determination was forthcoming, and/or failure to notice the appeal deadline date results from circumstances within Claimant's own control and, therefore, her own negligence.[8] *See Ho v. Unemployment Comp. Bd. of Review*, 525 A.2d 874 (Pa. Cmwlth. 1987) (finding an appeal untimely where a claimant, who had to leave the country to attend to her sick mother in Malaysia eight days before the Department made its determination, was made aware that she had received a letter but failed to take measures to ascertain the contents of the letter resulting in her late filing). Thus, Claimant failed to establish that her conduct was non-negligent such that she would be entitled to file a late appeal.

Because Claimant failed to establish that her untimely appeal was caused by either fraud, a breakdown in the administrative process, or was the result of her non-negligent conduct, the Board did not err in affirming the referee's decision dismissing Claimant's appeal as untimely. *See United States Postal Service*.

Accordingly, we affirm.[9]

                                _____

                                CHRISTINE FIZZANO CANNON, Judge

---

[8] Both Claimant's testimony and her daughter's testimony indicate that Claimant simply may not have timely noticed the appeal deadline. When the referee asked Claimant if she noticed the last day to appeal on the determination, Claimant responded, "I did not really see it on time." N.T. at 10. Additionally, her daughter testified that although she could not say when her mother saw the mail or the date on it, as soon as she saw the paperwork, she helped her mother file the appeal. N.T. at 16.

[9] Because of our disposition, we need not address Claimant's arguments concerning whether she was able and available for work.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Catherine Johnson,           :
       Petitioner           :
          :
       v.           :
          :
Unemployment Compensation           :
Board of Review,           :      No. 1220 C.D. 2017
       Respondent           :

## O R D E R

AND NOW, this 6th day of April, 2018, the order of the Unemployment Compensation Board of Review dated August 14, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge