# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas M. Watkins, :
          Petitioner :
     :
    v. :
     :
Workers' Compensation Appeal :
Board (Ingram's Drain & Sewer :
Cleaning Inc.), : No. 895 C.D. 2018
          Respondent : Submitted: November 2, 2018


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: March 11, 2019


        Nicholas M. Watkins (Claimant), *pro se*, petitions for review of the April 10, 2018 order of the Workers' Compensation Appeal Board (Board) affirming the decision of the workers' compensation judge (WCJ), which granted one petition for workers' compensation benefits (claim petition) as a "medical only" claim for a limited period and denied a second claim petition and two petitions for penalties filed by Claimant against Ingram's Drain & Sewer Cleaning Inc. (Employer). Upon review, we find Claimant's appeal untimely and, therefore, quash Claimant's petition for review.

        Before discussing the underlying facts of this case and Claimant's arguments, we must address whether Claimant's appeal to this Court is timely, as an untimely appeal affects our jurisdiction. *See Tishok v. Dep't of Educ.*, 133 A.3d 118,

122 n.2 (Pa. Cmwlth. 2016) (stating that "failure to timely appeal is a jurisdictional defect that cannot be waived and may be raised *sua sponte* by this Court"). On June 7, 2018, Claimant filed a *pro se* appeal letter with this Court, seeking to appeal the Board's April 10, 2018 order. Claimant's *pro se* letter at 1-2. That same day, this Court sent Claimant a letter with instructions regarding how to perfect his appeal and informing him that June 7, 2018 would be preserved as the filing date. Commonwealth Court Letter, 6/7/18 at 1. The letter additionally advised Claimant that "[i]f this date is more than 30 days from the mailing date of the decision that [he] is appealing, [his] appeal may be dismissed because it is untimely." *Id.* Claimant subsequently filed a petition for review with this Court, thereby perfecting his appeal. Petition for Review at 1. By order dated July 23, 2018, we noted that Claimant's appeal appeared untimely and directed the parties to address this issue in their principal briefs on the merits. Court Order, 7/23/18 at 1.

Pennsylvania Rule of Appellate Procedure 1512(a)(1) provides that "[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Consequently, Claimant had 30 days from April 10, 2018 to appeal the order of the Board. Even though this Court preserved the earlier date of June 7, 2018 as the filing date for Claimant's appeal, this date is nevertheless well beyond the 30-day window to appeal. Moreover, Claimant failed to establish any grounds that might excuse the tardiness of his appeal, declining even to address the issue of timeliness in his brief in contravention of this Court's July 23, 2018 order.[1] Because Claimant's appeal is

---

[1] We note that Claimant stated in his *pro se* letter that he did not receive the Board's opinion and order in the mail, attributing this to a change of address. Claimant's *Pro Se* Appeal Letter, 6/7/18. Nonetheless, the record indicates that the address that Claimant provided when he appealed the WCJ's decision and order to the Board is the same one to which the Board mailed its order. *See* Claimant's Appeal, 4/19/17 at 1; Board's Opinion & Order, 4/10/18 at 1. In addition,

untimely, we therefore lack jurisdiction to consider it.  *See Riverlife Task Force v. Planning Comm'n of City of Pittsburgh*, 966 A.2d 551, 559 (Pa. 2009); *see also Tishok,* 133 A.3d at 122 n.2 (stating that "failure to timely appeal is a jurisdictional defect").

Accordingly, we quash Claimant's petition for review as untimely.

We note that there is an outstanding application filed by Employer, seeking to preclude Exhibit E, which Claimant requested to file on January 2, 2019. Employer asserts that through this request, Claimant is attempting without legal basis to supplement the record with a fully favorable decision from the Social Security Administration.  Because of our disposition, Employer's "Motion to Strike and Preclude Evidence" is DENIED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

---

the record contains no evidence indicating that the Board's mailing was returned as undeliverable. We also note that the address is the same one that Claimant uses before this Court now.  *See* Claimant's Brief at 1.  Further, given that Claimant does not make this argument in his brief, and failed to do so in contravention of this Court's July 23, 2018 order, Claimant has waived any argument about this issue.  *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").  Therefore, Claimant would not be entitled to *nunc pro tunc* relief for his untimely appeal. *See Roman-Hutchinson v. Unemployment Comp. Bd. of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009) (stating, "the claimant bears a heavy burden to justify an untimely appeal").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas M. Watkins,           :
          Petitioner       :
                             :
        v.                 :
                             :
Workers' Compensation Appeal    :
Board (Ingram's Drain & Sewer    :
Cleaning Inc.),                 :   No. 895 C.D. 2018
          Respondent     :

O R D E R

AND NOW, this 11th day of March, 2019, Nicholas M. Watkins' petition for review of the April 10, 2018 order of the Workers' Compensation Appeal Board is QUASHED. Further, Respondent Ingram's Drain & Sewer Cleaning Inc.'s "Motion to Strike and Preclude Evidence" is DENIED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge