IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert L. Mackay,                          :
                    Petitioner             :
                                           :
        v.                                 :   No. 1255 C.D. 2021
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :   Submitted:  January 27, 2023

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                      FILED:  April 6, 2023

Robert J. Mackay (Claimant) petitions for review, *pro se*, of the September 21, 2021 Order of the Unemployment Compensation Board of Review (Board) dismissing his appeal as untimely under Section 502 of the Unemployment Compensation Law (Law).[1]  We affirm the Board's Order.

## **Background**

On January 11, 2021, the Referee issued a decision denying Claimant unemployment compensation (UC) benefits.  Bd.'s Finding of Fact (F.F.) No. 1; Bd.'s Order, 9/21/21, at 2.  Per the notice accompanying the Referee's decision,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.  At the time of the Referee's decision in this case, Section 502 of the Law required that an appeal to the Board be filed "within fifteen days after the date of [the referee's] decision."  *Id.*  However, the General Assembly subsequently extended the appeal period from 15 days to 21 days pursuant to the Act of June 30, 2021, P.L. 173.  This change took effect on July 24, 2021, six months after the Referee's decision.

Claimant had 15 days to appeal to the Board. Bd.'s F.F. No. 3 Claimant filed his appeal on January 29, 2021. *Id.* No. 6.

On February 12, 2021, the Board sent Claimant a letter informing him that his appeal was facially untimely and that he needed to request a hearing by March 1, 2021. Record (R.) Item No. 11. On February 24, 2021, Claimant sent a letter to the Board requesting a hearing "to allow [him] the opportunity to set forth [his] reasons as to why [he] believe[s the] appeal was timely filed." R. Item No. 12.

On March 31, 2021, the Board remanded the matter to the Referee to receive testimony on the timeliness of Claimant's appeal. Bd.'s Order, 9/21/21, at 2; R. Item No. 13. The Referee held a hearing via telephone on May 7, 2021.

Following the remand hearing, the Board made the following findings of fact. The Referee mailed her decision to Claimant at his last known post office address on January 11, 2021. Bd.'s F.F. No. 2. The Referee's decision was accompanied by a notice advising the parties that they had 15 days from that date to file a valid appeal. *Id.* No. 3. The record contains no indication that the decision mailed to Claimant was returned by the postal authorities as undeliverable. *Id.* No. 4.

In order to be timely, Claimant's appeal from the Referee's decision had to be filed with the Board by January 26, 2021. *Id.* No. 5. Claimant filed his appeal on January 29, 2021. *Id.* No. 6. Claimant testified that he was delayed in filing his appeal because "that's when [he] finally figured out the issues at hand." *Id.* No. 7. There was no evidence that Claimant was misinformed or misled by the UC authorities regarding his right or the necessity to appeal. *Id.* No. 8. Therefore, the Board dismissed Claimant's appeal as untimely, concluding as follows:

> The last day to file an appeal from th[e Referee's] decision was January 26, 2021. However, [C]laimant did not file an appeal until January 29, 2021. *[C]laimant failed to establish a sufficient reason to treat his*

2

*appeal as timely.* At the hearing, [C]laimant testified he appealed late because "that's when [he] finally figured out the issues at hand." According to [C]laimant, he "finally cracked the problem." *[C]laimant was responsible for appealing on time by the deadline.* An appellant's subjective misunderstanding or confusion related to straightforward appeal language in a[ UC] notice is not a legitimate reason for the enlargement of time to appeal. The deadline clearly appeared in bold on the decision: "**FINAL DATE TO APPEAL 01/26/2021.**"

*The provisions of [Section 502] of the Law are mandatory, and the Board has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant here[]. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct.* Therefore, [C]laimant's appeal from the Referee's decision must be dismissed.

Bd.'s Order, 9/21/21, at 2 (bold in original; italics added). Claimant now petitions this Court for review.[2]

## Analysis

At the time of the Referee's decision in this case, Section 502 of the Law provided that an aggrieved party had 15 days to appeal a referee's decision to the Board. *See* 43 P.S. § 822; 34 Pa. Code § 101.82(a) (this regulation previously allowed an aggrieved party 15 days to appeal from a determination of the Department of Labor and Industry).[3] This Court has held that if an aggrieved party does not file an appeal within 15 days of the mailing date of the referee's decision, the decision becomes final, and the Board lacks jurisdiction to consider the merits of the appeal. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197-98

---

[2] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[3] This regulation was recently amended to extend the appeal period from 15 days to 21 days; however, the amendment did not take effect until March 12, 2022.

3

(Pa. Cmwlth. 2008). An appeal filed even one day after the 15-day appeal deadline is untimely. *Id.* at 198; *see DiBello v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018).

The Board may consider an untimely appeal only in extraordinary circumstances. *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009). An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by fraud, a breakdown in the administrative process, or non-negligent circumstances related to the claimant, his attorney, or a third party. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996). However, "the [claimant] bears a heavy burden to justify an untimely appeal." *Roman-Hutchinson*, 972 A.2d at 1288 n.1.

At the remand hearing, when asked if he received the Referee's January 11, 2021 decision, Claimant replied, "[y]es," and stated that he received it at his correct mailing address "shortly []after" the mailing date. Notes of Testimony (N.T.), 5/7/21, at 5-6. Claimant testified that he filed his appeal late because "*that's when [he] finally figured out the issues at hand. Unfortunately it happened after the five days to allow submission so [he] was stuck.*" *Id.* at 6 (emphasis added). Claimant further testified:

> I noticed that there was to be five days filing [sic]. . . . But . . . after the five days started then I figured out, *the light bulb came on and I figured out the whole issue here, what's at hand*. So unfortunately it happened. I figured out what happened after the five[-]day filing [sic].

*Id.* (emphasis added).[4]

---

[4] During this portion of his testimony, Claimant seemed to confuse the 15-day appeal deadline with the 5-day deadline for submitting documents and evidence in advance of the Referee's hearing. *See* R. Item No. 7 (the Referee's hearing notice stated that if Claimant wished **(Footnote continued on next page…)**

The Referee again asked Claimant to clarify why he filed his appeal late, and he replied: "*[A]s I said the light bulb came on when I was reviewing the records. And finally I figured out where . . . UC made its mistake*," so "I took the UC documents and I finally figured out why I was paid wrong, why I was paid incorrectly, why everything was backdated, why I had to appeal. *So I finally cracked the problem*." *Id.* at 8 (emphasis added). Claimant admitted that he did not file his appeal until January 29, 2021. *Id.* at 7. The Referee then asked, "[S]o you filed [the appeal] once you were able to crack the case?" to which Claimant replied, "*That's correct. And I submitted [it] by fax.*" *Id.* at 8 (emphasis added).

On appeal, Claimant devotes the majority of his brief to arguing the merits of his underlying UC claim, rather than to the only issue before this Court: the timeliness of his appeal to the Board. With regard to timeliness, Claimant argues that "the whole case mysteriously and dramatically changed" from denial of his UC claim to "not appealing in a timely manner," and that after receiving the Referee's January 11, 2021 decision, he "totally lost all confidence in the unemployment system." Claimant's Br. at 18-20. Claimant contends that he made "one last desperate attempt" to obtain relief by contacting his state representative, and the following transpired:

> As a result of [the state representative's] intervention, after the January 26, 2021 filing deadline, I was called by telephone by someone . . . presumably from the [Board] on January 29, 2021[,] who listened to my case and recommended that even though it was past the appeal date that I should go ahead and appeal [the] Referee['s] denial [dated]

---

to submit documents to be considered at the hearing, he must submit them "at least five (5) days before the hearing") (capitalization omitted). In light of this apparent confusion, the Referee directly asked Claimant – twice – to explain why he filed his appeal late, and both times Claimant stated that he filed the appeal late because that is when he "figured out" the issues. *See* N.T., 5/7/21, at 6, 8.

> January 11, 2020. I sent the appeal by email [on] 1/29/2021 . . . the exact same day before 5 PM even though she said that it should have a "grace period" to the following Monday.

*Id.* at 18-19. Claimant, however, did not present this particular evidence at the remand hearing, and, as a result, the Board did not consider it. It is well-settled that this Court cannot consider evidence that is not part of the certified record on appeal. *See Rothstein v. Unemployment Comp. Bd. of Rev.*, 114 A.3d 6, 10 (Pa. Cmwlth. 2015) ("*[N]ew assertions and evidence* that are not presented and made part of the certified record *cannot be considered on appeal*.") (emphasis added).

At the remand hearing, Claimant's only explanation for filing a late appeal was that he "finally figured out the issues at hand," "finally figured out where . . . UC made its mistake," and "finally cracked the problem." N.T., 5/7/21, at 6, 8. This testimony, even if credited by the Board, fails to satisfy Claimant's "heavy burden" of justifying his late filing, as he did not establish that the delay was caused by fraud, a breakdown in the administrative process, or non-negligent circumstances.

## Conclusion

We conclude, based on the evidence of record, that Claimant: (1) filed his appeal with the Board beyond the then-applicable 15-day appeal deadline, and (2) failed to adequately justify his late appeal. Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert L. Mackay,                           :
                    Petitioner             :
                                           :
          v.                               :     No. 1255 C.D. 2021
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :

# O R D E R

AND NOW, this 6th day of April, 2023, the Order of the Unemployment Compensation Board of Review, dated September 21, 2021, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge