IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Antonia B. Mitman, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | Nos. 984-987, 996, 1023 C.D. 2022 |
| Respondent | : | Submitted: June 3, 2025 |


BEFORE:  HONORABLE ANNE E. COVEY, Judge
         HONORABLE LORI A. DUMAS, Judge
         HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  August 7, 2025


Antonia B. Mitman (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) August 23, 2022 and September 23, 2022 orders affirming the Referee's dismissals of her untimely appeals pursuant to Section 501(e) of the UC Law (Law).[1] The sole issue before this Court is whether the UCBR erred by dismissing Claimant's appeals as untimely. After review, this Court affirms.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Former Section 501(e) of the Law required that an appeal from the determination contained in any notice required to be furnished by the Department of Labor and Industry (Department) be filed within 15 calendar days after such notice was mailed to the claimant's last known post office address. Effective July 24, 2021, the General Assembly amended Section 501(e) of the Law to require an appeal be filed "no later than [21] calendar days after the 'Determination Date' provided on such notice[.]" 43 P.S. § 821(e). Former Section 501(e) of the Law applies herein.

On March 29, 2021, the Scranton UC Service Center issued Notices of Determination (Determinations) to Claimant disqualifying her from UC benefits.[2] The Determinations stated that they would become "final unless [Claimant] file[s] an appeal . . . [within] 15 calendar days after the mailing date shown on the [D]etermination[.]" Certified Record (C.R.) at 29, 240, 452, 667, 880; *see also* C.R. at 1098. The final day for Claimant to file timely appeals was April 13, 2021. *See* C.R. at 27.

On August 11, 2021, Claimant appealed from the Determinations to the Referee. The Referee held a hearing on November 1, 2021, at which Claimant offered testimony. On November 2, 2021, the Referee dismissed Claimant's appeals as untimely pursuant to Section 501(e) of the Law. Claimant appealed to the UCBR on November 19, 2021. On August 23, 2022 and September 23, 2022, the UCBR adopted and incorporated the Referee's findings of fact and conclusions of law and

---

[2] On March 29, 2021, the Department issued six Determinations to Claimant: (1) finding her ineligible for benefits under Section 402(b) of the Law, 43 P.S. § 802(b) (relating to voluntarily leaving work without a necessitous and compelling reason), beginning October 24, 2020; (2) finding her ineligible for Pandemic Emergency UC (PEUC) benefits from October 24, 2020 through December 26, 2020; (3) finding her ineligible for Extended Benefits (EB) for weeks ending January 9, 2021 through January 30, 2021; (4) assessing a non-fault overpayment of EB in the amount of $480.00 for weeks ending January 9, 2021 through January 30, 2021; (5) finding her ineligible for PEUC benefits for weeks ending February 13, 2021 through March 13, 2021; and (6) assessing a non-fraud overpayment of PEUC benefits in the amount of $1,920.00 for weeks ending October 24, 2020 through December 26, 2020, and February 13, 2021 through March 13, 2021. On August 11, 2021, Claimant appealed from the Determinations to the Referee. On November 2, 2021, following a consolidated hearing, the Referee issued six identical decisions dismissing Claimant's appeals from the Department's Determinations as untimely pursuant to Section 501(e) of the Law. On August 23, 2022, the UCBR issued five orders affirming the Referee's decisions dismissing Claimant's appeals as untimely. On September 23, 2022, the UCBR issued the sixth order. On September 16 and September 26, 2022, Claimant filed timely appeals from the UCBR's orders. By November 4, 2022 Order, this Court consolidated the appeals.

affirmed the Referee's decisions that dismissed Claimant's appeals as untimely pursuant to Section 501(e) of the Law. Claimant appealed to this Court.[3]

Initially,

> Section 501(e) of the Law requires a claimant to appeal a notice of determination within 15 calendar days of the date the "notice was delivered to [her] personally[ ]or was mailed to [her] last known post office address[.]" 43 P.S. § 821(e). "Failure to file a timely appeal as required by Section 501(e) of the Law is a jurisdictional defect." *Carney v. Unemployment Comp[.] [Bd.] of Rev[.]*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018). "The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence." *Id.* In limited circumstances, however, the [UCBR] may consider an untimely appeal *nunc pro tunc*. To justify an exception to the appeal deadline, "[a claimant] must demonstrate that [her] delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to [the claimant herself]." *Id.*

*Bashinsky v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 381, 384 (Pa. Cmwlth. 2020).

Claimant argues that her appeal to the Referee should be permitted to be filed *nunc pro tunc* because non-negligent circumstances caused her initial appeals' delay. Specifically, Claimant contends that from January 2021 to June 2021, she experienced significant post-traumatic stress disorder symptoms, resulting from her caring for her suicidal daughter. She asserts that those symptoms prevented her from opening her mail and, once those symptoms subsided, she diligently filed an appeal to the Referee on August 11, 2021.

---

[3] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*Nunc pro tunc* relief for non-negligent conduct is generally reserved for only those "unique and compelling cases in which the [claimant] has clearly established that [she] attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001).

However, this Court has held that failure to read or monitor mail does not qualify as non-negligent conduct and does not excuse one's untimely appeal. *See Best Courier v. Dep't of Labor & Indus.*, 220 A.3d 696 (Pa. Cmwlth. 2019). Further, even negative personal circumstances preclude relief for untimely appeals when the lateness is due to careless reading or a failure to read. *See Constantini v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 838 (Pa. Cmwlth. 2017). Finally, to establish the non-negligent circumstances exception, the Pennsylvania Supreme Court has held that a petitioner must file notice of her appeal shortly after the expiration. *See Criss*. The burden of proving these circumstances and demonstrating the need for relief is on the claimant, and the burden is a heavy one. *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286 (Pa. Cmwlth. 2009).

At the Referee hearing, when asked how she became aware of the Determinations, Claimant testified that she received "a group of similar envelopes that [she] paper clipped together and set . . . aside." C.R. at 140. Claimant admitted that she "assumed that [the envelopes] were merely hard copies of her Certification of Benefits" and "just thought they were duplicates." *Id*. After Claimant acknowledged the date on the Determinations was March 29, 2021, *see id*. at 139, Claimant's son testified that it was not until June 2021 that Claimant opened her mail. *See id*. at 144, 146.

"In UC cases, the [UCBR] is the ultimate fact[-]finder and resolves issues of credibility and conflicting evidence. This Court is bound by those findings,

4

provided they are supported by substantial evidence." *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024) (citation omitted). "Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding." *Id.*

Here, based on the evidence before it, the UCBR concluded: "[C]laimant's alleged health issues are not a legally sufficient reason to accept her late appeal as timely." C.R. at 1066, 1285. Because Claimant filed her appeals almost four months after the appeal deadlines and failed to prove that the late appeals were caused by fraud, a breakdown in the administrative process, or by non-negligent conduct, the UCBR did not have jurisdiction to consider the merits of the matters. Accordingly, the UCBR properly affirmed the dismissal of Claimant's appeals as untimely.

For all the above reasons, the UCBR's orders are affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Antonia B. Mitman, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | Nos. 984-987, 996, 1023 C.D. 2022 |
| Respondent | : | |

## O R D E R

AND NOW, this 7th day of August, 2025, the Unemployment Compensation Board of Review's August 23, 2022 and September 23, 2022 orders are affirmed.

_____

ANNE E. COVEY, Judge